IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 10-339 LJO |
| Plaintiff/Respondant, | **ORDER ON DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** |
| v. | |
| JUAN MARTINEZ, | |
| Defendant/Petitioner. | |

**INTRODUCTION**

Defendant and petitioner Juan Martinez ("Mr. Martinez") is a federal prisoner and proceeds pro se to seek to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). Mr. Martinez argues that although he entered into a voluntary and intelligent plea, and waived his right to attack collaterally his sentence, his sentence should be set aside because he had a valid claim of ineffective assistance of counsel. Mr. Martinez argues that his counsel's failure to move to suppress evidence obtained through a tracker device placed on his vehicles establishes his claim of ineffective assistance of counsel, because the use of warrantless tracker on his vehicles was an unconstitutional search, the evidence and fruits thereof should have been suppressed, and the failure to move to suppress the evidence collected by the GPS data logger caused him prejudice. As set forth below, Mr. Martinez's counsel did move to suppress the evidence of the tracker based on its warrantless use. At the time the

motion was made, however, controlling United States Supreme Court and Ninth Circuit law held that law enforcement could permissibly use these types of trackers without a warrant, because the use of the data logger was not a "search" within the meaning of the Fourth Amendment. *See, United States v. Knotts*, 460 U.S. 276 (1983); *United States v. Pineda Moreno*, 91 F.3d 1212 (9th Cir. 2010). Months after Mr. Martinez's judgment and commitment, the United States Supreme Court overturned the controlling authority, ruling that the attachment of a GPS tracking device to a vehicle, and subsequent use of that device to monitor a vehicle's movements on public streets, is a search within the meaning of the Fourth Amendment. *United States v. Jones*, 132 S.Ct. 945 (2012). Although there has been a change in controlling law, this Court finds no indication that the Supreme Court decision is retroactive. Moreover, as discussed more fully below, this Court finds that this Court is not required to reconsider its order denying the motion to suppress. In essence, Mr. Martinez disagrees with the Court's ruling, and not with his attorney's adequate representation. Accordingly, having considered Mr. Martinez's section 2255 motion on the record, this Court DENIES the motion.

## BACKGROUND

### Charges

A July 17, 2010 criminal complaint established probable cause to arrest Mr. Martinez for possession and cultivation of marijuana. An August 5, 2010 indictment charged Mr. Martinez with three counts–conspiracy to manufacture marijuana and two counts of possession of marijuana with intent to distribute.

### Motion to Suppress

On November 10, 2010, Mr. Martinez moved to suppress evidence and the fruits thereof on the ground that the items were obtained from an unlawful search. Relying on *United States v. Maynard*, 615 F.3d 544 (D.C. Cir. 2010), Mr. Martinez's counsel argued that a continuous, warrantless use of a GPS device on a vehicle is a search protected by the Fourth Amendment because it violates the reasonable expectation of privacy standard. Mr. Martinez's counsel urged the Court to adopt this rule of the District of Columbia Circuit, even though it was not controlling law in the Ninth Circuit.

Mr. Martinez's counsel further noted that controlling United States Supreme Court authority held that electronic surveillance without a warrant is not an illegal search in violation of the Fourth

Amendment, but argued that this law was outdated. Mr. Martinez's counsel pointed out that *the United States v. Knotts*, 460 U.S. 276 (1983) opinion was decades old. Counsel further argued that at the time the Court decided *Knotts*, the Court had no way of knowing how technology would develop. Counsel further attempted to distinguish the *Knotts* ruling and other cases that relied on *Knotts*.

In opposition, the government points out that *Knotts,* controlling Supreme Court authority, held that the use of a GPS tracking device to monitor an individual's movements in his vehicle over a prolonged period of time was not a search. Although Knotts was somewhat dated, the Ninth Circuit had just recently affirmed that the use of the GPS tracking device on a vehicle to collect data was not a search. *United States v. Pineda Moreno*, 91 F.3d 1212 (9th Cir. 2010).

Bound by *Knotts* and *Pineda Moreno*, this Court denied the motion to suppress the evidence on December 10, 2010. Moreover, even had the Court deemed the event to have been a search (in advance of the United States' Supreme Court decision in *Jones*), it does not necessarily follow that the Court would have ordered the evidence to have been suppressed.

### **Plea Agreement and Acceptance of the Plea Agreement**

Mr. Martinez entered into a July 22, 2011 Fed. R. Crim. P. 11(c)(1)(C) Memorandum of Plea Agreement ("plea agreement") by which Mr. Martinez voluntarily agreed to plead guilty to Count One of the indictment. Mr. Martinez also agreed that the offense involved the actual manufacture of more than one thousand (1,000) marijuana plants. The plea agreement provided Mr. Martinez's knowing and voluntary waiver of his constitutional and statutory rights to appeal his plea and conviction. Mr. Martinez agreed to waive "his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including, but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255."

On July 22, 2011, the Court questioned Mr. Martinez about whether he understood the terms of the plea agreement and whether he accepted those terms voluntarily. Mr. Martinez indicated that he understood the terms of the agreement and accepted those terms voluntarily. Accordingly, the Court accepted Mr. Martinez's guilty plea and set sentencing in this matter for a later date.

### **Sentencing**

The Court conducted a November 4, 2011 sentencing hearing. Consistent with the plea

agreement, this Court sentenced Mr. Martinez to the statutory minimum of a term of 120 months (10 years) imprisonment and 60 months of supervised release upon release from imprisonment. After Mr. Martinez was sentenced, and consistent with the plea agreement, the Government moved to dismiss Counts Two and Three of the Indictment. Mr. Martinez did not file a direct appeal of his conviction and sentence with the Ninth Circuit Court of Appeals.

## Section 2255 Motion

On March 14, 2012, Mr. Martinez filed his section 2255 motion. This Court finds this motion suitable for a decision without opposition or a hearing. Accordingly, this Court issues the following order.

## DISCUSSION

As Mr. Martinez recognizes, a voluntary and intelligent plea may not be attacked collaterally. In addition, Mr. Martinez waived his right to attack collaterally his sentence with a section 2255 motion. For each of these reasons, "it plainly appears from the face of the motion...that the movant is not entitled to relief." *U.S. v. Matthews*, 833 F.2d 161, 164 (9th Cir. 1987), and this motion should be dismissed on these grounds.

Although Mr. Martinez waived his right to attack collaterally his sentence through a voluntarily and intelligent plea, a defendant may not be able to "waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." *Pruitt*, 32 F. 3d at 433. As such, this Court scrutinizes Mr. Martinez's ineffective assistance of counsel claim.

When considering an ineffective assistance of counsel claim, a court must consider two factors. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 513 (1995). The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all of the circumstances. *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert. denied*, 494 U.S. 1039, 118 S.Ct. 1856 (1998). A defendant must demonstrate that counsel's performance was deficient and that counsel made errors so serious as not to function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. at

2064. A defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848, 117 S.Ct. 135 (1996). There is a strong presumption that counsel's performance fell within the wide range of professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586 (1986) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065); *Bloom*, 132 F.3d at 1270; *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990). Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 677-678; 104 S.Ct. at 2063; *Quintero-Barraza*, 78 F.3d at 1348; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

      The second factor for court consideration is whether the petitioner has affirmatively proven prejudice. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Bloom*, 132 F.3d at 1271. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. In addition, the court can find prejudice only when the outcome would have been different without counsel's errors. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843. A court must also evaluate whether the entire proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843; *Quintero-Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994). A defendant may be granted a windfall, to which he is not entitled, if his/her conviction or sentence is set aside solely because the outcome may have been different but for counsel's errors. *Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842. Thus, if a court finds that counsel's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, the result of the proceeding would have been different, the court must determine despite the errors and prejudice, whether the proceeding was fundamentally fair and reliable.

      Mr. Martinez's claim fails to demonstrate that his defense counsel's performance was deficient and that his counsel made errors so serious as not to function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Mr. Martinez's ineffective assistance of

counsel claim is based on Mr. Martinez's assertion that his counsel failed to move to suppress the evidence collected from the GPS data tracker that was placed on his vehicle. The record establishes, however, that Mr. Martinez's counsel *did* move to suppress the fruits of the warrantless GPS tracker that was placed on his vehicles. In the motion to suppress, Mr. Martinez's attorney presented the very arguments that Mr. Martinez now faults him with failing to pursue. Specifically, Mr. Martinez's counsel relied in *United States v. Maynard* to argue that the use of a GPS tracker on a vehicle and subsequent data collection constituted a search within the Fourth Amendment. Mr. Martinez's section 2255 motion relies almost exclusive on *Maynard*, the argument presented on his behalf by his attorney. Mr. Martinez's attorney went further to attempt to distinguish controlling United States Supreme Court and Ninth Circuit precedent. Accordingly, Mr. Martinez has failed to establish that his counsel's performance was deficient.

Moreover, Mr. Martinez has failed to establish that his counsel's conduct prejudiced the defense. Because his attorney did move to suppress the evidence collected by the warrantless GPS tracker, there is no evidence that defense counsel made errors so serious as not to function as Sixth Amendment guaranteed counsel. Because Mr. Martinez fails to establish that his defense counsel's performance was deficient, this Court finds that there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Accordingly, Mr. Martinez's ineffective assistance of counsel claim fails.

## Effect of *United States v. Jones*

Although Mr Martinez has failed to establish that he was provided with ineffective assistance of counsel, Mr. Martinez's motion raises the issue of whether the ruling in *United States v. Jones* applies retroactively to Mr. Martinez. This Court's denial of Mr. Martinez's motion to suppress was based on *Knotts* and *Pineda-Moreno*. Those rulings were overturned by *Jones*. Accordingly, this Court considers *sua sponte* whether the January 2012 *Jones* decision requires this Court to reconsider its December 2010 denial of the motion to suppress the evidence obtained against Mr. Martinez through the warrantless use of and collection of data by the GPS tracker on Mr. Martinez's vehicles.

This Court finds that the exclusionary rule would not apply to Mr. Martinez's circumstances. Notwithstanding the subsequent ruling in *Jones*, "searches conducted in objectively reasonable reliance

on binding appellate precedent [that is later overruled] are not subject to the exclusionary rule...[b]ecause suppression would do nothing to deter police misconduct in [those] circumstances." *David v. United States*, 131 S.Ct. 2419, 2434-24 (2011). At the time the GPS data loggers were installed in Mr. Martinez's case, the agents were acting in objectively reasonable reliance on Ninth Circuit precedent, which held that law enforcement officers did not need a warrant to attach a GPS tracking device to a suspect's vehicle or monitor the vehicle thereafter. *See, e.g., United States v. McIver*, 186 F.3d 1119, 1127 (9th Cir. 1999) (rejecting claim that "a search warrant was required [when] officers...place[d]...electronic tracking devices on the undercarriage of the [defendant's vehicle] while it was parked in his driveway.").

*Davis* would also apply to preclude exclusion of any evidence derived from the location information provided by the GPS device. Although the exclusionary rule applies equally to "primary evidence obtained as a direct result of an illegal search or seizure" and "evidence later discovered and found to be derivative of [the] illegality or 'fruit of the poisonous tree,'" the Supreme Court "has never held that evidence is 'fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police." *Segura v. United States*, 468 U.S. 796, 804, 815 (1984) (internal quotation marks omitted). Rather, the relevant inquiry is "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (internal quotation marks omitted). Because this Court finds that the officers acted in objectively reasonable reliance on judicial precedent in obtaining GPS tracking information, and that information is therefore admissible under the good-faith exception, derivative information should also be admissible because that information is even less closely related to the illegality and suppressing it would not serve the deterrent purposes of the exclusionary rule. *See, e.g., Herring v. United States*, 555 U.S. 135, 147- 148 (2009) (fruits of search incident to arrest admissible where arrest, though illegal, was premised on good-faith belief that arrest warrant was valid); *United States v. Crews*, 502 F.3d 1130, 1135-36 (9th Cir. 2007) (reversing order suppressing gun found during illegal search of defendant's apartment and defendant's subsequent derivative statements, where search was conducted in good-faith reliance on invalid warrant).

For these reasons, this Court finds that *United States v. Jones* does not require this Court to reconsider its order denying Mr. Martinez's October 2010 motion to suppress.

**Certificate Of Appealability**

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of Mr. Martinez's conviction based on his ineffective assistance of counsel claim where, as here, his counsel did move ot suppress the evidence. Accordingly, a certificate of appealability is improper and is denied.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES Mr. Martinez's section 2255 relief and a certificate of appealability. The clerk is DIRECTED to close Case No. CV F 12-395 LJO.

IT IS SO ORDERED.

**Dated:   April 4, 2012**                    /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE