# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff/Respondent,<br><br>    v.<br><br>JUAN MARTINEZ,<br><br>        Defendant/Petitioner.<br>_____/ | CASE NO. CR F 10-339 LJO<br><br>**ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION** |

## BACKGROUND

### Section 2255 Motion

Defendant and petitioner Juan Martinez ("Mr. Martinez") is a federal prisoner and proceeds pro se. On March 14, 2012, Mr. Martinez moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). Mr. Martinez argued he had a valid claim of ineffective assistance of counsel, because his attorney failed to move to suppress evidence obtained through a tracker device placed on his vehicles. Mr. Martinez argued that the use of warrantless tracker on his vehicles was an unconstitutional search, the evidence and fruits thereof should have been suppressed, and the failure to move to suppress the evidence collected by the GPS data logger caused him prejudice.

After reviewing the record, this Court found that Mr. Martinez's counsel did move to suppress the evidence of the tracker based on its warrantless use on November 10, 2010. Relying on *United*

1  *States v. Maynard*, 615 F.3d 544 (D.C. Cir. 2010), Mr. Martinez's counsel argued that a continuous, warrantless use of a GPS device on a vehicle is a search protected by the Fourth Amendment because it violates the reasonable expectation of privacy standard. Mr. Martinez's counsel urged the Court to adopt this rule of the District of Columbia Circuit, even though it was not controlling law in the Ninth Circuit. Mr. Martinez's counsel further noted that controlling United States Supreme Court authority held that electronic surveillance without a warrant is not an illegal search in violation of the Fourth Amendment, but argued that this law was outdated. Mr. Martinez's counsel pointed out that *the United States v. Knotts*, 460 U.S. 276 (1983) opinion was decades old. Counsel further argued that at the time the Court decided *Knotts*, the Court had no way of knowing how technology would develop. Counsel further attempted to distinguish the *Knotts* ruling and other cases that relied on *Knotts*.

The arguments made by Mr. Martinez's counsel in the November 10,2 010 motion to suppress are the very arguments relied on by Mr. Martinez in his section 2255 motion. Mr. Martinez faulted his counsel for failing to move to suppress the evidence gathered by the tracker based on *Maynard*. Based on the these facts, this Court found Mr. Martinez's assertion that his counsel failed to move to suppress the evidence to be false factually.

At the time of the motion to suppress, controlling United States Supreme Court and Ninth Circuit law held that law enforcement could permissibly use these types of trackers without a warrant, because the use of the data logger was not a "search" within the meaning of the Fourth Amendment. *See, United States v. Knotts*, 460 U.S. 276 (1983); *United States v. Pineda Moreno*, 91 F.3d 1212 (9th Cir. 2010). Bound by *Knotts* and *Pineda Moreno*, this Court denied the motion to suppress the evidence on December 10, 2010. Moreover, even had the Court deemed the event to have been a search (in advance of the United States' Supreme Court decision in *Jones*), it does not necessarily follow that the Court would have ordered the evidence to have been suppressed.

Months after Mr. Martinez's judgment and commitment, the United States Supreme Court overturned the controlling authority, ruling that the attachment of a GPS tracking device to a vehicle, and subsequent use of that device to monitor a vehicle's movements on public streets, is a search within the meaning of the Fourth Amendment. *United States v. Jones*, 132 S.Ct. 945 (2012).

This Court denied Mr. Martinez's ineffective assistance of counsel claim, because he failed to

demonstrate that his defense counsel's performance was deficient and that his counsel made errors so serious as not to function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Mr. Martinez's ineffective assistance of counsel claim was based on Mr. Martinez's assertion that his counsel failed to move to suppress the evidence collected from the GPS data tracker that was placed on his vehicle. The record established, however, that Mr. Martinez's counsel *did* move to suppress the fruits of the warrantless GPS tracker that was placed on his vehicles. In the motion to suppress, Mr. Martinez's attorney presented the very arguments that Mr. Martinez now faults him with failing to pursue. Specifically, Mr. Martinez's counsel relied in *United States v. Maynard* to argue that the use of a GPS tracker on a vehicle and subsequent data collection constituted a search within the Fourth Amendment. Mr. Martinez's section 2255 motion relies almost exclusive on *Maynard*, the argument presented on his behalf by his attorney. Mr. Martinez's attorney went further to attempt to distinguish controlling United States Supreme Court and Ninth Circuit precedent. Accordingly, Mr. Martinez failed to establish that his counsel's performance was deficient.

Moreover, Mr. Martinez failed to establish that his counsel's conduct prejudiced the defense. Because his attorney did move to suppress the evidence collected by the warrantless GPS tracker, there is no evidence that defense counsel made errors so serious as not to function as Sixth Amendment guaranteed counsel. Because Mr. Martinez fails to establish that his defense counsel's performance was deficient, this Court finds that there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Accordingly, this Court concluded that Mr. Martinez's ineffective assistance of counsel claim failed.

Although Mr. Martinez failed to establish that he was provided with ineffective assistance of counsel, and although he did not raise the issue, this Court considered sua sponte whether the ruling in *United States v. Jones* applies retroactively to Mr. Martinez. This Court's denial of Mr. Martinez's motion to suppress was based on *Knotts* and *Pineda-Moreno*. Those rulings were overturned by *Jones*. After considering the relevant and applicable authorities, this Court found that the exclusionary rule would not apply to Mr. Martinez's circumstances. Notwithstanding the subsequent ruling in *Jones*, "searches conducted in objectively reasonable reliance on binding appellate precedent [that is later overruled] are not subject to the exclusionary rule...[b]ecause suppression would do nothing to deter

3

police misconduct in [those] circumstances." *David v. United States*, 131 S.Ct. 2419, 2434-24 (2011). At the time the GPS data loggers were installed in Mr. Martinez's case, the agents were acting in objectively reasonable reliance on Ninth Circuit precedent, which held that law enforcement officers did not need a warrant to attach a GPS tracking device to a suspect's vehicle or monitor the vehicle thereafter. *See, e.g., United States v. McIver*, 186 F.3d 1119, 1127 (9th Cir. 1999) (rejecting claim that "a search warrant was required [when] officers...place[d]...electronic tracking devices on the undercarriage of the [defendant's vehicle] while it was parked in his driveway.").

The Court further found that *Davis* would also apply to preclude exclusion of any evidence derived from the location information provided by the GPS device. Although the exclusionary rule applies equally to "primary evidence obtained as a direct result of an illegal search or seizure" and "evidence later discovered and found to be derivative of [the] illegality or 'fruit of the poisonous tree,'" the Supreme Court "has never held that evidence is 'fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police." *Segura v. United States*, 468 U.S. 796, 804, 815 (1984) (internal quotation marks omitted). Rather, the relevant inquiry is "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (internal quotation marks omitted). Because this Court finds that the officers acted in objectively reasonable reliance on judicial precedent in obtaining GPS tracking information, and that information was therefore admissible under the good-faith exception, derivative information should also be admissible because that information is even less closely related to the illegality and suppressing it would not serve the deterrent purposes of the exclusionary rule. *See, e.g., Herring v. United States*, 555 U.S. 135, 147-148 (2009) (fruits of search incident to arrest admissible where arrest, though illegal, was premised on good-faith belief that arrest warrant was valid); *United States v. Crews*, 502 F.3d 1130, 1135-36 (9th Cir. 2007) (reversing order suppressing gun found during illegal search of defendant's apartment and defendant's subsequent derivative statements, where search was conducted in good-faith reliance on invalid warrant).

For these reasons, this Court ruled that *United States v. Jones* does not require this Court to reconsider its order denying Mr. Martinez's October 2010 motion to suppress.

4

**Reconsideration Motion**

In his reconsideration motion, Mr. Martinez continues to argue that his counsel did not move to suppress the evidence obtained through the GPS tracker placed on his vehicles without a warrant. For the first time, Mr. Martinez identifies the counsel he accuses of provided ineffective assistance as "Mr. Taleisnik." Mr. Martinez argues that it would have been impossible for Mr. Taleisnik to move to suppress evidence in November 2010, because Mr. Taleisnik did not commence his representation of Mr. Martinez until December 10, 2010. Mr. Martinez continues to argue that Mr. Taleisnik's failure to move to suppress the evidence violated his 6th Amendment right to the effective assistance of counsel.

### DISCUSSION

When considering an ineffective assistance of counsel claim, a court must consider two factors. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 513 (1995). The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all of the circumstances. *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert. denied*, 494 U.S. 1039, 118 S.Ct. 1856 (1998). A defendant must demonstrate that counsel's performance was deficient and that counsel made errors so serious as not to function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. A defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848, 117 S.Ct. 135 (1996). The second factor for court consideration is whether the petitioner has affirmatively proven prejudice. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Bloom*, 132 F.3d at 1271. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. In addition, the court can find prejudice only when the outcome would have been different without counsel's errors. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843.

Mr. Martinez again fails to demonstrate that he was provided ineffective assistance of counsel. Mr. Martinez correctly points out that Mr. Taleisnik commenced representation of Mr. Martinez on December 10, 2010. After Mr. Taleisnik began representing Mr. Martinez, Mr. Martinez did not move to suppress the evidence gathered by the warrantless GPS trackers placed on Mr. Martinez's vehicles. This failure, however, was not objectively unreasonable. Mr. Martinez's previous counsel, Charles Lee, did move to suppress the evidence based on the arguments relied on now by Mr. Martinez. The Court had denied that motion a month before Mr. Taleisnik entered into the case. Mr. Taleisnik apparently made a reasonable professional decision not to re-file a motion that had just been denied by the Court, in the absence of an intervening change in the law or a change in the facts unknown at the time the original motion was filed. To have re-filed the motion, or moved to reconsider the motion, in the absence of good cause would have been unreasonable.

In addition, and for the reasons explained in detail in this Court's April 5, 2012, the failure to file an additional motion to suppress did not cause Mr. Martinez prejudice. There is no evidence that such a motion would have been granted without good cause, and no good cause appears from the record. The controlling case law held that the use of a GPS tracker was not a search within the meaning of the 4th Amendment. At the time the trackers were installed on Mr. Martinez's vehicles, the officers were acting under the objectively reasonable belief that they did not need a warrant to do so lawfully.

For these reasons, this Court DENIES Mr. Martinez's motion for reconsideration.

## Certificate Of Appealability

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the

correctness to deny defendant collateral relief. *See Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). Accordingly, a certificate of appealability is improper and is denied.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES Mr. Martinez's reconsideration motion.

IT IS SO ORDERED.

**Dated:   April 19, 2012**                       /s/ Lawrence J. O'Neill
                                                                      UNITED STATES DISTRICT JUDGE